IN THE
# United States District Court
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LUBRIZOL ADVANCED MATERIALS, INC.<br>9911 Brecksville Road<br>Brecksville, Ohio 441414,<br><br>   Plaintiff,<br><br>v.<br><br>PEGACHISA DEL NORTE, S.A. DE C.V.<br>Avenida Melchor Guaspe #4400<br>CP. 31050. Col. Dale, Chihuahua<br>Chihuahua, México,<br><br>   Defendant. | §§§§§§§§§§§§§§ | CASE NO. 1:22-cv-1636<br><br>JUDGE<br><br><br><br><br><br>**COMPLAINT FOR BREACH OF CONTRACT, UNJUST ENRICHMENT, AND RELIEF UNDER THE OHIO UNIFORM COMMERCIAL CODE** |

Plaintiff, Lubrizol Advanced Materials, Inc. ("Lubrizol"), for its complaint against Defendant, Pegachisa Del Norte, S.A. de C.V. ("Pegachisa"), states as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), as this is an action between a citizen of the State of Ohio and a citizen or subject of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is appropriate in this district pursuant to 28 U.S.C. § 1392(a)(2) as a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

3. Lubrizol is a Delaware corporation with its principal place of business located in Brecksville, Ohio.

4. Pegachisa is a Mexican Sociedad Anónima de Capital Variable with its principal place of business located in la Ciudad de Chihuahua, Chihuahua, México.

## BACKGROUND

5. Lubrizol is a specialty chemical company that provides technologies that improve the quality and performance of its customers' products in the global transportation, industrial and consumer markets.

6. Pegachisa is a building materials company that provides wholesale cement, partition, and gravel to its customers.

7. Between March 2020 and January 2022, Lubrizol supplied a chlorinated polyvinyl chloride compound product, known as FlowGuard® Gold 9115, to Pegachisa.

8. Upon information and belief, Pegachisa used FlowGuard® Gold 9115 in its business as a raw material in the manufacture of building products, including pipes and fittings for plumbing applications.

9. Pegachisa issued purchase orders, in the ordinary course of business, for the FlowGuard® Gold 9115 products it purchased, and Lubrizol issued routine order confirmations. Lubrizol filled each of Pegachisa's orders and issued a separate invoice for each transaction. True and accurate copies of the purchase orders, order confirmations, and invoices are attached as Exhibits 1, 2, and 3, respectively.

10. The terms and conditions on each of the order acknowledgments issued to Pegachisa provide that "[a]ny conduct by Buyer including, without limitation, existence of a contract pertaining to the subject matter hereof shall constitute acceptance by Buyer of this Agreement and all of its terms and conditions." *See* Exhibit 2 (Order Confirmations), *The Lubrizol Corporation - Standard Terms and Conditions of Sale ("Terms and Conditions")*, at ¶1.

2

11.     The Terms and Conditions also provide that the terms of payment are net thirty (30) days from the date of the invoice.  *See* Exhibit 2 (Order Confirmations), *Terms and Conditions*, at ¶3.

12.     Pegachisa received and accepted the FlowGuard® Gold 9115 products it ordered from Lubrizol and, upon information and belief, used those products in the course of its business.

13.     Lubrizol's last sale to Pegachisa on open credit terms was on October 20, 2021. Pegachisa made payment on its account in November and December 2021, but stopped making payments on December 15, 2021 with an unpaid balance of $619,995.90 remaining.

14.     In January 2022, Pegachisa agreed that it would prepay for any future orders and also, with any prepayment, pay an equal amount toward its delinquent account.

15.     On January 27, 2022 and February 28, 2022, Pegachisa submitted purchase orders for new product and issued prepayment for those orders together with payment for past due invoices totaling $123,999.18, bringing its unpaid balance to $495,996.72.

16.     On April 13, 2022, Lubrizol received payment of $126,921.07 from Pegachisa, bringing its unpaid balance to $369,075.65.  *See Account Statement*, a copy of which is attached as Exhibit 4.

17.     Lubrizol has received no payments from Pegachisa since April 13, 2022.

18.     Demand has been made in writing, more than 30 days have elapsed since the demand, and payment has not been made.

## COUNT ONE
### (Breach of Contract)

19.     Lubrizol incorporates by reference the allegations set forth in Paragraphs 1 through 18 as if fully re-written herein.

20. Lubrizol entered into an agreement with Pegachisa to provide FlowGuard® Gold 9115 at agreed-upon purchase prices.

21. Pegachisa placed orders with Lubrizol for FlowGuard® Gold 9115 products. *See* Exhibit 1.

22. Lubrizol filled each order and delivered FlowGuard® Gold 9115 products according to Pegachisa's requests. *See* Exhibit 2.

23. Pegachisa accepted those FlowGuard® Gold 9115 products and, upon information and belief, used them in its business.

24. Lubrizol issued invoices for the orders, invoicing Pegachisa at the agreed-upon prices. *See* Exhibit 3.

25. Payments for the orders were due within 30 days of the dates of the invoices.

26. Despite repeated requests for payment of the balance owed, Pegachisa has failed to pay the amount due and owing.

27. Pegachisa's actions constitute a breach of its agreement to pay for products purchased.

28. As a result of Pegachisa's breach of contract, Lubrizol has incurred, and continues to incur, damages in an amount to be established at trial, but not less than $369,075.65, plus interest and costs.

## COUNT TWO
**(Unjust Enrichment)**
**(In the Alternative to Count One)**

29. Lubrizol incorporates by reference the allegations set forth in Paragraphs 1 through 28 as if fully re-written herein.

30. From the beginning of the relationship between Lubrizol and Pegachisa through October 2021, Pegachisa placed orders with Lubrizol for FlowGuard® Gold 9115 products.

31. Lubrizol filled each of those orders and delivered products to Pegachisa.

32. Pegachisa accepted those products, exercised control over those products, and, upon information and belief, used those products in conducting its business.

33. Despite repeated demands, Pegachisa has failed to pay in full for those products identified on Exhibits 1, 2, and 3.

34. Pegachisa has been unjustly enriched, deriving a benefit from the products for which it failed to pay.

35. As a result of Pegachisa's unjust enrichment, Lubrizol has incurred, and continues to incur, damages in an amount to be established at trial, but not less than $369,075.65, plus interest and costs.

## COUNT THREE
### (Action for the Price Under Ohio Uniform Commercial Code, Ohio Rev. Code §§ 1302.77(E) & 1302.83)

36. Lubrizol incorporates by reference the allegations set forth in Paragraphs 1 through 35 as if fully re-written herein.

37. From the beginning of the relationship between Lubrizol and Pegachisa through October 2021, Pegachisa placed orders with Lubrizol for FlowGuard® Gold 9115.

38. During that same timeframe, Pegachisa received and accepted corresponding shipments of FlowGuard® Gold 9115 products from Lubrizol in accordance with Ohio Rev. Code § 1302.64.

39. The transactions between Pegachisa and Lubrizol were commercial transactions between merchants.

40. Pegachisa exercised dominion and control of the FlowGuard® Gold 9115 products it received from Lubrizol and, upon information and belief, used these products in its business.

41. Lubrizol issued a separate invoice for each of Pegachisa's orders, invoicing Pegachisa at applicable prices.

42. Lubrizol received payments from Pegachisa and reduced the principal balance due on Pegachisa's account as appropriate.

43. Despite repeated requests for payment, Pegachisa has failed to pay the amount due and owing on its account.

44. Pegachisa's failure to pay for the products it purchased is without legal justification. Therefore, Lubrizol is entitled to recover the price of the products accepted pursuant to Ohio Rev. Code § 1302.83, along with incidental damages under Ohio Rev. Code § 1302.84.

45. As a result of Pegachisa's failure to pay the outstanding amounts due and owing, Lubrizol has incurred, and continues to incur, damages in an amount to be established at trial, but not less than $369,075.65, plus interest, costs, and incidental damages.

## COUNT FOUR
**(Action on an Account Under Ohio Law)**
**(In the Alternative to Count One)**

46. Lubrizol incorporates by reference the allegations set forth in Paragraphs 1 through 45 as if fully re-written herein.

47. Lubrizol entered into an agreement with Pegachisa to manufacture and provide FlowGuard® Gold 9115 products to Pegachisa at agreed-upon purchase prices.

48. Lubrizol established a running account in Pegachisa's name.

49. Between March 2020 and February 2022, Pegachisa placed several orders with Lubrizol for FlowGuard® Gold 9115.

6

50. From the beginning of the parties' relationship through February 2022, Lubrizol filled each of Pegachisa's orders, providing products in separate shipments.

51. Pegachisa accepted those products and, upon information and belief, used them in its business.

52. From the beginning of the parties' relationship until Lubrizol demanded prepayment, Lubrizol issued an invoice to Pegachisa for each of the orders placed by Pegachisa, demanding payment at the agreed-upon prices.

53. Lubrizol acknowledged its receipt of periodic payments from Pegachisa, reducing the principal balance due on Pegachisa's account as appropriate.

54. Despite repeated demands, Pegachisa has failed to pay Lubrizol the remaining amount due and owing on its account.

55. As of the filing of this Complaint, the principal balance due and owing on Pegachisa's account is $369,075.65.  *See* Exhibit 4.

56. As a result of Pegachisa's failure to remit full payment on its account, Lubrizol has incurred, and continues to incur, damages in an amount to be established at trial, but not less than $369,075.65, plus interest and costs.

WHEREFORE, Plaintiff, Lubrizol Advanced Materials, Inc., demands that judgment be rendered in its favor and against Defendant, Pegachisa Del Norte, S.A. de C.V., as follows:

   a. On Count One, for specific performance of the contract and an amount that is no less than $369,075.65 to be proven at trial, and for such other equitable and remedial relief as appropriate;

   b. On Count Two, for an amount that is no less than $369,075.65 to be proven at trial, and for such other equitable and remedial relief as appropriate;

   c. On Count Three, for an amount that is no less than $369,075.65 to be proven at trial, and for such other equitable and remedial relief as appropriate;

    d. On Count Four, for an amount that is no less than $369,075.65 to be proven at trial, and for such other equitable and remedial relief as appropriate;

    e. For interest and its costs incurred herein, including attorneys' fees as appropriate; and

    f. For any other relief, legal, equitable, or injunctive, that is warranted.

Dated: September 14, 2022

                                                /s/ *Jeffrey J. Lauderdale*
                                      JEFFREY J. LAUDERDALE (OH 0074859)
                                      NADA G. FADDOUL (OH 0082718)
                                      THE LUBRIZOL CORPORATION
                                      29400 Lakeland Boulevard
                                      Wickliffe, Ohio 44092
                                      Telephone: (440) 347-5753
                                      Facsimile: (440) 625-2019
                                      *jeffrey.lauderdale@lubrizol.com*
                                      *nada.faddoul@lubrizol.com*

                                      ***Attorneys for Plaintiff***